**UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF COLUMBIA**

PUBLIC EMPLOYEES FOR )
ENVIRONMENTAL RESPONSIBILITY, )
962 Wayne Ave., Suite 610 )
Silver Spring, MD 20910; )
and )
WESTERN WATERSHEDS PROJECT, )
126 S. Main St, Ste B2, P.O. Box 1770, )
Hailey, Idaho 83333 )
      *Plaintiffs*, )
       )    Civil Action No. 20-1224
       )
      v. )    **COMPLAINT**
       )
       )
DAVID BERNHARDT, Secretary of the Interior, )
in his official capacity; WILLIAM PENDLEY )
Deputy Director, Bureau of Land Management, )
in his official capacity; and DAVID VELA, )
Deputy Director, National Park Service, )
in his official capacity, )
1849 C Street, N.W. )
Washington, D.C. 20240 )
      *Defendants.* )
_____)

# COMPLAINT FOR DECLARATORY AND INJUNCTIVE RELIEF

## INTRODUCTION

1.     Plaintiffs bring this action for declaratory and injunctive relief to vacate the Defendant Secretary of the Interior's order of May 5, 2020, enabling two Deputy Directors to exercise the authority of the Directors of the Bureau of Land Management (BLM), and the National Park Service (NPS) without compliance with the Federal Vacancies Reform Act ("FVRA"), 5 U.S.C. §§ 3345-3349d. Neither William Pendley, who is playing the role of BLM Director nor David Vela, who is in the role of NPS Director, have been confirmed as Directors by the United

States Senate under the Constitution nor been appointed by President Trump as "acting" Directors under the FVRA. The order by Defendant Bernhardt is arbitrary and capricious and unlawful under the Administrative Procedure Act ("APA"), 5 U.S.C. § 701, *et seq.* In addition, Mr. Bernhardt's authorization of Mr. Pendley to continuously exercise the BLM Director's authority violates the Federal Land Policy and Management Act (FLPMA), 43 USC §§1701-1785, because Mr. Pendley lacks the qualifications mandated under that Act to do so.

## JURISDICTION AND VENUE

2.      This Court has jurisdiction over this action under 28 U.S.C. § 1331 (federal question) and the Declaratory Judgment Act, 28 U.S.C. § 2201.

3.      This Court has the authority to award costs, expenses, and attorneys' fees under the Equal Access to Justice Act, 28 U.S.C. § 2412(d).

4.      Venue is properly vested in this court under 28 U.S.C. § 1391(e) because the Defendants reside in this district, one Plaintiff is incorporated in this district, and because a substantial part of the acts and omissions giving rise to this suit occurred in this district.

## PARTIES

5.      Plaintiff PUBLIC EMPLOYEES FOR ENVIRONMENTAL RESPONSIBILITY ("PEER") is a nonprofit organization incorporated in the District of Columbia and headquartered in Silver Spring, Maryland. PEER also has field offices in Massachusetts, Florida, Tennessee, Colorado, and California. It is a national alliance of federal, state, and local resource professionals. PEER works nationwide with government scientists, land managers, environmental law enforcement agents, rangers, and other resource professionals committed to responsible management of America's public resources, including National Parks, BLM, and other public

lands. PEER and its members include individuals who are directly impacted by the actions of all three of the Defendants as described herein.

6.     Plaintiff WESTERN WATERSHEDS PROJECT ("WWP") is a non-profit corporation dedicated to protecting and restoring wildlife and watersheds on public lands throughout the American West. WWP has staff and offices in Oregon, Idaho, Wyoming, Montana, Nevada, Washington, and Arizona. Since its inception, WWP has advocated to curb ecological abuses from public lands livestock grazing throughout the West, and WWP also has an extensive history of working to curb the damage wrought by energy and mining projects. WWP works to advance science-based conservation of public lands and wildlife, ensuring that human activities become compatible with maintaining healthy native ecosystems. WWP and many of its more than 12,000 members and supporters have long-standing interests in preserving and conserving public lands managed by the BLM and NPS, as well as other governmental agencies. WWP and its members include individuals who are directly impacted by the actions of all three of the Defendants as described herein.

7.     Defendant DAVID BERNHARDT, sued in his official capacity as Secretary of the Interior, is responsible for the Department of the Interior and its bureaus, including BLM and the NPS. He carried out the violations of the APA, FVRA, and FLPMA at issue in this suit.

8.     Defendant WILLIAM PENDLEY is sued in his official capacity as Deputy Director of the BLM "exercising the authority of the Director".

9.     Defendant DAVID VELA is sued in his official capacity as Deputy Director of the NPS "exercising the authority of the Director".

## STATUTORY AND CONSTITUTIONAL BACKGROUND

3

10.     __Administrative Procedure Act.__ The APA confers a right of judicial review on any person that is adversely affected by an "agency action". 5 U.S.C. § 702. Upon review, the court shall "(1) compel agency action unlawfully withheld or unreasonably delayed; and (2) hold unlawful and set aside agency actions, findings, and conclusions found to be– (A) arbitrary, capricious, an abuse of discretion or otherwise not in accordance with law; (B) contrary to constitutional right, power, privilege, or immunity; C) in excess of statutory jurisdiction, authority, or limitations, or short of statutory right; without observance of procedure required by law". *Id.* at § 706(2).

11.     Under 5 U.S.C. §551(13) "**agency action**" is defined as "the whole or a part of an agency **rule**, **order**, license, sanction, relief, or the equivalent or denial thereof, or failure to act". (emphasis added). A "**rule**" is defined in §551(4) as "the whole or a part of an **agency statement of general or particular applicability and future effect designed to implement, interpret, or prescribe law or policy or describing the organization, procedure, or practice requirements of an agency** and includes the approval or prescription for the future of rates, wages, corporate or financial structures or reorganizations thereof, prices, facilities, appliances, services or allowances therefor or of valuations, costs, or accounting, or practices bearing on any of the foregoing" (emphasis added).

12.     __Federal Vacancies Reform Act.__ The FVRA generally provides the exclusive means by which a government employee may temporarily perform the functions and duties of a vacant position in an executive agency that requires Senate confirmation pursuant to "advice and consent" under Article II, Section 2 of the U.S. Constitution. FVRA limits a government employee's ability to serve as an acting officer in two primary ways. Section 3345(a) on "acting" officials provides that three classes of people may serve temporarily in an "advice and consent"

4

position. As a default rule, the "first assistant" to a position automatically becomes the acting officer. Alternatively, the President may direct either a different senior official of that agency or a person serving in any other advice and consent position to serve as the acting officer. FVRA also limits the length of time a person may serve as acting officer, generally for up to 210 days, *Id.* § 3346.

13.    FVRA forbids lower unconfirmed officials who are not properly "acting" under 5 U.S.C. §3345(a) from occupying offices that require Senate confirmation. It provides in §3348, subsections (b)(1) and (2), that in the absence of a confirmed or a properly-appointed acting official "the office shall remain vacant; and…only the head of such Executive agency may perform any function or duty of such office".

14.    **Federal Land Policy and Management Act (FLPMA).** The governing BLM statute is the FLPMA, 43 USC §§1701-1785. The BLM Director position requires Senate confirmation under §1731(a). That section also requires the Director to "have a broad background and substantial experience in public land and natural resource management".

15.    **NPS Organic Act.** The NPS Director position requires Senate confirmation under the NPS Organic Act, 54 U.S.C. §100302(a)(1).

16.    **United States Constitution.** Article II, Section 2 provides:

[The President] …….. *by and with the Advice and Consent of the Senate, shall appoint Ambassadors, other public Ministers and Consuls, Judges of the supreme Court, and all other Officers of the United States, whose Appointments are not herein otherwise provided for, and which shall be established by Law.*

## FACTS

17.    The publicly-owned land area of the BLM and NPS combined makes up almost one-seventh of the total area of the nation. The BLM consists of 247 million acres predominantly

in western states, while the Park Service is responsible for protecting and preserving 85 million acres consisting of the crown jewels of the public lands system, with NPS units in every state. There are tens of thousands of agency staff. The value of the resources that the BLM and NPS control is vast and immeasurable, contributing to a massive portion of the nation's economic activity, especially in the West.

18.     On May 5, 2020, Defendant Bernhardt issued his "Order No. 3345, Amendment No. 32" by which he continued to redelegate power to Defendants Pendley and Vela to exercise the authority of the BLM and NPS Directors, respectively. (Attached hereto as **Exhibit A**.). Neither of those men has been nominated or confirmed in their positions by the U.S. Senate during the 116th Congress, nor have they been appointed by President Trump as the acting Director under FVRA. Neither has ever qualified to be the acting Director of their respective agencies under 5 U.S.C §3345(a). Even assuming *arguendo*, that they had ever so qualified, both now have exceeded the 210-day maximum period that they could have remained in office as the acting Director under FVRA.

19.     William Pendley first began in the role of Deputy Director of the BLM "exercising the authority of the Director," pursuant to Defendant Bernhardt's earlier redelegation order Amendment No. 28, effective on July 29, 2019.[1] He came to BLM with no prior land management experience, having been employed for the prior 30 years as a lawyer and the Director of a conservative legal foundation. His appointment has continued since then via repeated Bernhardt

---

[1] Secretary of the Interior, Order No. 3345, Amendment No. 28, at: https://www.doi.gov/sites/doi.gov/files/elips/documents/s0_3345_a28_.pdf.

redelegations. It has not been temporary and during Pendley's tenure there has been no nominee for the BLM Director position placed before the U.S. Senate.

20.     Similarly, David Vela began in the role of Deputy Director of the NPS "exercising the authority of the Director," pursuant to Defendant Bernhardt's earlier redelegation order Amendment No. 29, effective on September 30, 2019.[2] His appointment also has continued since then via repeated orders. It has not been temporary and during Vela's tenure there has been no nominee for the NPS Director position placed before the U.S. Senate.

21.     The Bernhardt redelegation orders, including the May 5, 2020, order (Exhibit A hereto), by which Mr. Pendley and Mr. Vela have been "exercising the authority of the Director" contain several false assertions, under "Sec. 1 Purpose". These include falsely asserting that they are "temporary"; for both Mr. Pendley and Mr. Vela they now have endured for more than the 210-day duration that would be allowed for temporary acting Directors under FVRA.[3] The orders' falsity includes the assertion that the need for these redelegations, which have now been amended 32 times, is because of the "Presidential transition," which is long past, more than three and one-quarter years since Mr. Trump's Inauguration on January 20, 2017. The redelegation orders for Pendley and Vela also falsely assert they have been necessary "pending Senate-confirmation of

---

[2] Secretary of the Interior, Order No. 3345, Amendment No. 29, at:
https://www.doi.gov/sites/doi.gov/files/uploads/order-number-3345-amendment-number-29-508.pdf.

[3] Pendley began leading BLM last July 29th, 287 days prior to the date of this Complaint. Vela began leading the NPS last Sept. 30th, 221 days prior to the date of this Complaint.

new non-career officials," when in fact there are no nominees pending for Senate confirmation for either the BLM or NPS Director.[4]

22.     The Appointments Clause, Art. II, Sec. 2 of the Constitution, is a key separation of powers between the Executive and Legislative branches and it provides an essential "check and balance". The process of Senate advice and confirmation after recorded votes ensures that major bureau leaders, such as for the BLM and NPS, are publicly reviewed for their competency in open committee hearings. It further serves to root out extreme views and conflicts of interest. The lack of a confirmation hearing here harmed the interests of both PEER and the WWP, both of which were denied the opportunity to submit evidence and testimony into a confirmation record for Mr. Pendley and Mr. Vela.

23.     The record shows that Mr. Pendley has actively performed duties and functions of the BLM Director over the past nine months including, but not limited to:

A) Supervising the hiring, promoting, and appointments of lower BLM officers and overseeing and directing the expenditures of tens of millions of appropriated dollars.

B) Ordering the mandatory relocation of senior BLM career employees from the agency's headquarters in Washington, D.C., to a new headquarters in Grand Junction, Colorado, under threat of termination. A relocation order to headquarters employees issued under Mr. Pendley's direction states, "If you do not accept this directed geographic reassignment, you may be subject to a removal from Federal service."

---

[4] See U.S. Senate Energy and Natural Resources Committee website under "Nominations," for the lack of pending nominations for BLM or NPS Directors: https://www.energy.senate.gov/public/index.cfm/nominations .

C) Issuing mandatory directives to all BLM staff with respect to teleworking and other work mandates in response to the COVID-19 pandemic. This includes, but is not limited to, his May 1, 2020, directive to "All Employees" that states Pendley is developing a "back to the office" plan that "will serve as the Bureau's overall guidance for BLM state and other offices". Further, he has made major decisions on closing BLM lands to public access – or, in many cases, deciding not to close the lands - which impacted the infection risk of the public and BLM staff in those areas.

D) Making other major policy and operational decisions such as his announced determination to treat wild horses as the most important threat to BLM lands and his announcement that BLM's law enforcement Rangers should defer to local sheriffs even when enforcing federal laws on BLM lands.

E) Issuing final agency decisions with respect to various BLM Resource Management Plans (RMP). Most recently, the Uncompahgre Field Office issued its Record of Decision and Approved RMP, dated April 10, 2020. It cites repeatedly to protest resolutions, conclusions, and other decisions by "the BLM Director," which was the authority that Mr. Pendley was exercising at that point. Plaintiff WWP filed protests against that proposed RMP revision, thus was directly impacted by Mr. Pendley's actions on it.

24.     Mr. Pendley is unqualified to serve as BLM's Director under FLPMA. The statute requires the Director to "have a broad background and substantial experience in public land and natural resource management". Lawyer Pendley, who is the *de* facto Director, lacks those management qualifications.

25.     The record also shows that Mr. Vela has actively performed duties and functions of the NPS Director over the past seven months including, but not limited to:

A) Supervising the hiring, promoting, and transfers of numerous Park Superintendents and lower staff and directing the expenditures of tens of millions of appropriated dollars.

B) Making decisions regarding policy and operational challenges that the National Park System has repeatedly faced during his tenure, such as COVID-19 closures. He has made major operational decisions on closing Parks to public access – or, in many cases, deciding not to close the Parks - which impacted the infection risk of the public and NPS staff.

C) Implementing an illegal de-regulatory Directive under which, by fiat of the Deputy Director "exercising the authority of the Director," electronic bicycles (e-bikes) are now allowed in the National Parks despite being previously prohibited from Parks under NPS regulations. This directly impacted PEER which is a party to litigation against Mr. Vela and others partly based on Mr. Vela's actions and inactions regarding e-bikes.

D) Participating on the Board of Directors of the National Park Foundation (NPF), which oversees private/public fundraising efforts on behalf of the National Parks nationwide, masquerading in the statutory role of "the Director". The Foundation's basic statute, 54 USC §101112, provides that the actual Director shall serve as the NPF Board's Secretary, not a Deputy Director.[5]

E) Similarly, Mr. Vela is masquerading in the statutory role of the NPS Director in convening and submitting issues for consideration to the National Park System Advisory

---

[5] The NPF website confusingly describes him as: "David Vela, Secretary, Ex-Officio Director, Deputy Director, Exercising the Authority of the Director of the National Park Service, Washington, DC"; at: https://www.nationalparks.org/about-foundation/board-directors.

Board. The applicable statute, 54 USC §102303, provides that the Board serves to advise the Director, who shall convene its meetings.[6]

26.     PEER and its officers, members and supporters are harmed by the Defendants' past and ongoing violations of FVRA because PEER has a strong interest in ensuring that its member BLM and NPS employees serve under a properly Senate-confirmed or otherwise FVRA-compliant Director. PEER has a long history of advocacy, education, and other engagement regarding the Department of the Interior's ongoing FVRA violations, particularly those involving Defendants Bernhardt, Smith, and Vela.

27.     PEER's clients and supporters, as well as several its Board Members, include past or current BLM or NPS employees who have been impacted by the specific actions and decisions of Defendants Pendley and Vela described above. PEER's supporters/members within BLM and NPS are in reasonable fear of arbitrary re-assignments and transfers ordered by Pendley and Vela. Additional members of the public and BLM and NPS staff who are supporters/members of PEER, as well as PEER's officers, have been impacted by the COVID-19-based closures – and refusals to close – public access to the BLM and NPS lands managed by the Defendants.

28.     WWP and its officers and members also are harmed by the Defendants' past and ongoing violations of FVRA because WWP has a strong interest in the legitimacy of the leaders of these agencies, which are two of the nation's largest public lands managers. WWP's mission and very existence are tied to protecting and restoring wildlife and watersheds on BLM and NPS

---

[6] See March 11, 2020, National Park System Advisory Board Agenda naming Mr. Vela in the Director's role, at: https://www.nps.gov/subjects/policy/upload/NPSAB-March-2020-Mtg-Agenda.pdf.

lands. WWP's long-standing interests in preserving and conserving public lands managed by the BLM and NPS are threatened by the Defendants' decisions; a prominent example is the illegitimate approval decisions made in the name of "the BLM Director" (Mr. Pendley) of April 10, 2020, with respect to the Uncompahgre RMP, referenced *supra*.

29.     WWP and its officers and members have been impacted by the specific actions and decisions of Defendants Pendley and Vela described above. WWP's members and officers, have been directly impacted by the COVID-19-based closures – and refusals to close – public access to the BLM and NPS lands managed by the Defendants.

30.     These FVRA and APA violations have been repeated in numerous consecutive amendments to essentially the same Secretarial order, Number 3345, issued by Defendant Bernhardt. The violations are capable of repetition but evading review, thus they will not become moot when current Amendment number 32 expires by its terms on June 5, 2020.

31.     On April 28, 2020, Plaintiffs PEER and WWP issued a Notice of Intent to Sue to all of the Defendants in the event that Secretary Bernhardt continued his illegal redelegations to Messrs. Pendley and Vela. None of the Defendants responded to that Notice. Defendant Bernhardt ignored it by issuing his May 5 redelegation order.

**CLAIMS FOR RELIEF**

**Count I – Violation of the APA and FVRA.**

32.     Plaintiffs re-allege and incorporate by reference each and every allegation in the preceding paragraphs.

33.     The Bernhardt redelegation order of May 5, 2020, falsely asserts that it is "temporary" and that the need for the redelegations, which have now been amended 32 times

during the Trump Administration, is because of the "Presidential transition," which is long past, more than three years and three months later. The Bernhardt redelegation order also falsely asserts it was necessitated "pending Senate confirmation" of actual Directors when Mr. Trump has submitted no nominees to the Senate during this Congress to be either the BLM or NPS Director.

34.    The Bernhardt redelegation order as implemented violates FVRA because it has vested the power to "exercise the authority of the Director" in the unconfirmed Deputy Directors William Pendley of BLM and David Vela of the NPS, making them the *de facto* acting Directors of those agencies, without complying with Section 3345(a) of FVRA. The Bernhardt order as implemented also violates Section 3348, which requires that the "the office shall remain vacant" and forbids *de facto* officeholders.

35.    The Bernhardt redelegation order, which constitutes an agency action describing the organization of the Department of the Interior, the BLM, and the NPS, violates the APA because it is false, arbitrary and capricious, an abuse of discretion, and contrary to the law, including FVRA and the U.S. Constitution, Art. II, Sec. 2.

36.    The effects of the Defendants' actions have been to harm Plaintiffs' interests, including everywhere within the BLM and NPS where Defendants Pendley and Vela have illegitimately exercised the authority of the Director of their bureaus.

### Count II – Violation of FLPMA and the APA

37.    Plaintiffs re-allege and incorporate by reference each and every allegation in the preceding paragraphs.

38.    The appointment of Mr. Pendley, a lawyer, by Secretary Bernhardt to "exercise the authority of the Director" violated FLPMA. Section 1731(a) requires the Director to "have a broad

background and substantial experience in public land and natural resource management". Mr. Pendley does not have those qualifications.

39.     Mr. Bernhardt's appointment of Mr. Pendley as *de facto* Director when he lacks FLPMA's mandatory qualifications was arbitrary and capricious and an unlawful action under the APA.

40.     The effects of Mr. Bernhardt's actions have been that Plaintiffs have been harmed by Mr. Pendley's unqualified and neglectful management of the BLM lands, personnel, appropriated funds, and resources under his direction.

## PRAYER FOR RELIEF

Wherefore, Plaintiffs respectfully request the Court to order the following relief:

A. Declare that Defendant Bernhardt's Redelegation Order No. 3345, Amendment 32, dated May 5, 2020, as implemented, by which Defendants Pendley and Vela are purporting to "exercise the authority of the Director" of the BLM and NPS, respectively, as well as any subsequent comparable order, is contrary to the APA and FVRA and otherwise not in accordance with the law;

B. Declare that Defendant Pendley's authorization to exercise the BLM Director's authority for more than nine months to date violates FLPMA because he does not have the statutorily-required qualifications to be the *de facto* Director;

C. Enjoin any future actions by the Defendants in violation of the APA, FVRA, and FLPMA;

D. Award Plaintiffs their attorneys' fees and costs; and

E. Grant such additional relief as the Court deems just and proper.


Dated: May 11, 2020


Respectfully submitted,


_____

Peter T. Jenkins
D.C. Bar No. 477229
Paula Dinerstein
D.C. Bar No. 333971
Public Employees for Environmental Responsibility
962 Wayne Ave., Suite 610
Silver Spring, MD 20910
202.265.4189 (tel.)
pjenkins@peer.org
pdinerstein@peer.org

15