**IN THE UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF COLUMBIA**

PUBLIC EMPLOYEES FOR
ENVIRONMENTAL RESPONSIBILITY,
*et al.*,

        Plaintiffs,     Case No. 1:20-cv-1224-TSC

v.

DAVID BERNHARDT, in his official
capacity as Secretary of the Interior,
*et al.*,

        Defendants.

**DEFENDANTS' MOTION TO STAY SUMMARY-JUDGMENT BRIEFING**
**OR, IN THE ALTERNATIVE, TO EXTEND TIME TO RESPOND TO**
**<u>PLAINTIFFS' MOTION FOR PARTIAL SUMMARY JUDGMENT</u>**

   For the reasons explained in the accompanying memorandum of law, Defendants respectfully

move to stay briefing on Plaintiffs' motion for partial summary judgment or, in the alternative, to

extend Defendants' deadline to respond to Plaintiffs' motion for partial summary judgment until

twenty-eight days after the Court denies this stay motion.

Dated: October 1, 2020      Respectfully submitted,

            JEFFREY BOSSERT CLARK
            Assistant Attorney General
            Environment & Natural Resources Division
            Acting Assistant Attorney General
            Civil Division

            CHRISTOPHER R. HALL
            Assistant Branch Director

            */s/ Bradley Craigmyle*
            MICHAEL DREZNER
            CHETAN PATIL
            REBECCA CUTRI-KOHART

BRADLEY CRAIGMYLE
Trial Attorneys
U.S. Department of Justice
Civil Division, Federal Programs Branch
1100 L Street, NW
Washington, DC 20530
Telephone: (202) 616-8101
Facsimile: (202) 616-8460
Email: Bradley.T.Craigmyle@usdoj.gov

*Counsel for Defendants*

**IN THE UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF COLUMBIA**

| | |
|---|---|
| PUBLIC EMPLOYEES FOR ENVIRONMENTAL RESPONSIBILITY, *et al.*, | |
| Plaintiffs, | Case No. 1:20-cv-1224-TSC |
| v. | |
| DAVID BERNHARDT, in his official capacity as Secretary of the Interior, *et al.*, | |
| Defendants. | |

**MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT OF**
**DEFENDANTS' MOTION TO STAY SUMMARY-JUDGMENT BRIEFING**
**OR, IN THE ALTERNATIVE, TO EXTEND TIME TO RESPOND TO**
**<u>PLAINTIFFS' MOTION FOR PARTIAL SUMMARY JUDGMENT</u>**

## INTRODUCTION

Defendants respectfully move to stay the briefing deadlines in connection with Plaintiffs' motion for partial summary judgment. *See* ECF No. 16. Summary-judgment briefing is premature in light of Defendants' pending motion to dismiss, ECF No. 13, which will likely be fully briefed by October 9, 2020.[1] Defendants' pending motion is based on serious jurisdictional deficiencies in Plaintiffs' Second Supplemental Complaint. It is thus appropriate to defer merits briefing until after this Court decides whether it has jurisdiction because "'[w]ithout jurisdiction the court cannot proceed at all in any cause.'" *Steel Co. v. Citizens for a Better Env't*, 523 U.S. 83, 94 (1998) (quoting *Ex parte McCardle*, 7 Wall. 506, 514 (1868)). A ruling on these threshold jurisdictional issues may end the case, mooting Plaintiffs' motion for partial summary judgment.

A stay will conserve the parties' and the Court's resources by potentially avoiding unnecessary briefing, will cause minimal delay (if any) in the ultimate resolution of this case in light of the advanced posture of the motion to dismiss, and is most consistent with this Court's primary duty to assure itself of jurisdiction before proceeding to the merits. It also ensures that Defendants' right to take jurisdictional discovery is not extinguished by a premature rush to summary judgment briefing. Thus, Defendants respectfully request that the Court stay all proceedings on Plaintiffs' motion for partial summary judgment until after it resolves Defendants' motion to dismiss. Should this Court decide, however, to proceed with briefing on Plaintiffs' motion, Defendants request that their response to Plaintiffs' motion be due twenty-eight days after the Court decides this motion to stay. Counsel for Defendants conferred with counsel for Plaintiffs, who indicated that Plaintiffs oppose this motion.

## BACKGROUND

---

[1] Defendants' consent motion to extend their reply-brief deadline to October 9, 2020, is currently pending. *See* ECF No. 15.

1

This case challenges an order issued by the Secretary of the Interior and agency succession orders that allow two Defendants, William Pendley and Margaret Everson, to exercise the authority of the Directors of the Bureau of Land Management (BLM) and the National Park Service, respectively. *See* Second Suppl. Compl. for Declaratory and Inj. Relief ¶¶ 1, 20, 23, 25, ECF No. 11. Plaintiffs allege that the Secretary's Order and the agency's succession orders violate the Federal Vacancies Reform Act and the Administrative Procedure Act (APA). *See id.* ¶¶ 1, 39–40, 43–45. Plaintiffs also allege that Mr. Pendley's exercising the authority of the BLM Director violates the Federal Land Policy and Management Act and the APA because Mr. Pendley does not have the statutorily required qualifications that the BLM Director must have. *See id.* ¶¶ 52–53.

On September 14, 2020, Defendants moved to dismiss the case based on jurisdictional grounds. *See* ECF No. 13. On September 25, 2020, Plaintiffs filed their opposition to Defendants' motion. *See* ECF No. 14. Thus, Defendants' reply brief would have been due on October 2, 2020. *See* LCvR 7(d). On September 30, 2020, Defendants filed a consent motion to extend the deadline for their reply brief by seven days. *See* ECF No. 16. As explained in the motion, counsel for Defendants have substantial commitments in other cases that affect their ability to timely review Plaintiffs' opposition and to file their reply. *Id.* ¶¶ 3–4.[2]

## **ARGUMENT**

**I.     The Court Should Stay the Briefing on Plaintiffs' Motion for Partial Summary**

_____

[2] Consistent with the Local Rules, Defendants conferred with Plaintiffs before moving to extend the deadline for their reply brief. During the conferral, Defendants expressed their interest in discussing mutually agreeable briefing schedules before future filings. Though Plaintiffs indicated they would be open to scheduling discussions, the very next day, fully aware of Defendants' counsels' near-term time constraints that might prejudice their ability to respond, Plaintiffs filed their motion for partial summary judgment on an expedited basis. Plaintiffs made no attempt to notify Defendants or confer about a mutually agreeable schedule before filing their motion.

**Judgment.**

The Court should stay briefing on Plaintiffs' motion for partial summary judgment pending resolution of Defendants' motion to dismiss. This Court has the inherent authority to "control the disposition of the causes on its docket with economy of time and effort for itself, for counsel, and for litigants." *Landis v. N. Am. Co.*, 299 U.S. 248, 254 (1936). That broad discretion includes the "inherent power to control the sequence in which it hears matters on its calendar." *United States v. W. Elec. Co.*, 46 F.3d 1198, 1207 n.7 (D.C. Cir. 1995). When two parties present separate motions, the Court may first consider a motion that "addresses a specific and narrow issue" rather than a motion that "encompass[es] issues far broader." *United States v. W. Elec. Co.*, 158 F.R.D. 211, 220 (D.D.C. 1994), *aff'd*, 46 F.3d at 1207 n.7 ("[T]he [district] court's explanation amply supports its exercise of discretion."). Here, given the serious jurisdictional questions and the interests of efficiency and judicial economy, the Court should first resolve Defendants' motion to dismiss before the litigation proceeds to summary judgment.

The "first and fundamental" question for any court is that of jurisdiction: "[t]he requirement that jurisdiction be established as a threshold matter springs from the nature and limits of the judicial power of the United States and is inflexible and without exception," and therefore "[w]ithout jurisdiction the court cannot proceed at all in any cause." *Steel Co.*, 523 U.S. at 94-95 (internal quotation marks omitted). The D.C. Circuit has similarly recognized that "resolving a merits issue while jurisdiction is in doubt carries the courts beyond the bounds of authorized judicial action and violates the principle that the first and fundamental question is that of jurisdiction." *In re Papandreou*, 139 F.3d 247, 254–55 (D.C. Cir. 1998) (internal citations omitted); *see also Furniture Brands Int'l, Inc. v. U.S. Int'l Trade Comm'n*, No. 1:11-CV-00202, 2011 WL 10959877, at *1 (D.D.C. Apr. 8, 2011) ("[T]he Court is obligated to determine

3

whether it has subject-matter jurisdiction in the first instance.").

Defendants' motion to dismiss tees up the threshold issue of whether Plaintiffs have standing. *See generally* ECF No. 13. Plaintiffs challenge Mr. Pendley's and Ms. Everson's ability to exercise authority delegated to them by the Secretary of the United States Department of the Interior. But they do not challenge any discrete action taken by Mr. Pendley or Ms. Everson. Rather, Plaintiffs instead challenge the Orders themselves—internal agency documents—that allow Mr. Pendley and Ms. Everson to exercise this delegated authority. This Court recently rejected a similar standalone challenge, divorced from any concrete policy, to an official's authority. *See Firearms Policy Coal., Inc. v. Barr*, 419 F. Supp. 3d 118, 124–26 (D.D.C. 2019) (holding that plaintiff lacked standing to challenge an alleged "policy" of using the FVRA in certain circumstances because plaintiff had not shown that it was injured by the alleged policy). Until this Court rules on its jurisdiction, Defendants "should not be put to the trouble and expense of any further proceedings, and the time of the court should not be occupied with any further proceeding." *United Transp. Serv. Employees of Am., CIO, ex rel. Wash. v. Nat'l Mediation Bd.*, 179 F.2d 446, 454 (D.C. Cir. 1949). Neither the Court's nor the parties' time is well served by engaging in a "struggle over the substance of the suit" when a dispositive jurisdictional motion is pending. *See Democratic Republic of Congo v. FG Hemisphere Assocs., LLC*, 508 F.3d 1062, 1064 (D.C. Cir. 2007) (jurisdictional defenses should be raised at the outset to avoid unnecessary litigation).

Because Defendants' motion to dismiss, if granted, would end this litigation, to require the parties or the Court to address the substance of Plaintiffs' motion for partial summary judgment at this time would be an inefficient use of resources. Nothing in Rule 56 justifies such waste, and first resolving a Rule 12(b) motion promotes efficiency and conserves resources.

Indeed, Rule 12(b) "promotes the early and simultaneous presentation and determination of preliminary defenses." 5B Charles Alan Wright & Arthur R. Miller, Fed. Prac. & Proc. § 1349 (3d ed. 2004). Deciding motions under Rule 12(b) thus helps to "eliminate unnecessary delays in the early pleading stages of a suit so that all available Rule 12 defenses are advanced before the consideration of the merits," *George Wash. Univ. v. DIAD, Inc.*, No. 96-301, 1996 WL 470363, at *1 (D.D.C. Aug. 9, 1996), and to "produce an overall savings in time and resources as well as avoid delay in the disposition of cases, thereby benefiting both the parties and the courts," Wright & Miller, § 1349; *see also Furniture Brands*, 2011 WL 10959877, at *1 ("[S]uspending briefing of the summary judgment motion [pending resolution of defendants' 12(b)(1) motion to dismiss] will allow the Court to manage the orderly disposition of this case."). Plaintiffs should not be permitted to preempt Defendants' Rule 12(b)(1) motion, duck the fundamental Article III requirements, and waste the parties' and the Court's resources by seeking to advance this litigation straight to summary judgment.

And even if the Court denies Defendants' motion to dismiss based on the allegations in the Second Supplemental Complaint, Plaintiffs must support their standing "with the manner and degree of evidence required at the successive stages of the litigation." *Lujan v. Defs. of Wildlife*, 504 U.S. 555, 561 (1992). Thus, Defendants must be able to preserve their opportunity to conduct jurisdictional discovery to determine if the Second Supplemental Complaint's allegations are supported by evidence sufficient to meet Plaintiffs' burden to support their standing. *Id.* Moving prematurely to summary judgment would prejudice that interest by preventing Defendants from pursuing discovery, if necessary, following the Court's decision on the motion to dismiss.

For these reasons, district courts routinely defer consideration of motions for summary

judgment while dispositive motions to dismiss remain pending. *See, e.g.*, *Furniture Brands*, 2011 WL 10959877, at *1 ("[S]taying further briefing of the plaintiff's summary judgment motion will allow the parties to avoid the unnecessary expense, the undue burden, and the expenditure of time to brief a motion that the Court may not decide."); *Freedom Watch, Inc. v. Dep't of State*, 925 F. Supp. 2d 55, 59 (D.D.C. 2013) ("Not needing more lawyers to spend more time on more briefs on more subjects in order to decide the motion to dismiss, the Court granted the motion to stay [summary judgment briefing.]"); *Baginski v. Lynch*, 229 F. Supp. 3d 48, 57 (D.D.C. 2017) (noting that it had "deferred" consideration of plaintiff's motion for summary judgment "until it was able to assess the government's motion to dismiss"); *Montgomery v. IRS*, No. 17-cv-918 (D.D.C. Nov. 6, 2017), Min. Order (staying summary judgment briefing until after resolution of threshold issues); *Cierco v. Lew*, 190 F. Supp. 3d 16, 21 (D.D.C. 2016), *aff'd on other grounds sub nom. Cierco v. Mnuchin*, 857 F.3d 407 (D.C. Cir. 2017) (same); *Daniels v. United States*, 947 F. Supp. 2d 11, 15 (D.D.C. 2013) (noting that court stayed summary judgment briefing pending its ruling on motion to dismiss); *Angulo v. Gray*, 907 F. Supp. 2d 107, 109 (D.D.C. 2012) (same); *Magritz v. Ozaukee Cty.*, 894 F. Supp. 2d 34, 37 (D.D.C. 2012) (same); *Ticor Title Ins. Co. v. FTC*, 625 F. Supp. 747, 749 n.2 (D.D.C. 1986) (holding in abeyance plaintiff's motion for summary judgment "pending resolution of threshold questions of jurisdiction and justiciability"), *aff'd*, 814 F.2d 731 (D.C. Cir. 1987).

Finally, deferring summary judgment briefing would not prejudice Plaintiffs. If the Court ultimately denies the motion to dismiss, the parties may then turn to the merits of the arguments raised in Plaintiffs' summary judgment motion and any cross-motion for summary judgment that Defendants would file. *See Furniture Brands*, 2011 WL 10959877, at *1 ("Because the Court must necessarily resolve the motions to dismiss before considering plaintiff's summary judgment

motion, suspending briefing of the summary judgment motion pending the Court's resolution of the motions to dismiss will not prejudice plaintiff.").

In sum, Defendants respectfully propose that the more efficient path forward in this case is for the Court to assure itself of jurisdiction before requiring the parties to address the merits of Plaintiffs' claims. Thus, briefing on Plaintiffs' motion for summary judgment should be stayed until the Court resolves Defendants' motion to dismiss.

## II.    Alternatively, If the Court Were to Deny Defendants' Stay Motion, the Court Should Extend Defendants' Deadline to Respond to Plaintiffs' Motion for Partial Summary Judgment Until Twenty-Eight Days After Any Such Order.

As discussed above, the proper path forward in this case is for the Court to assure itself of jurisdiction before requiring the parties to address the merits of Plaintiffs' motion for partial summary judgment. It should thus stay Defendants' response to Plaintiffs' motion until after the Court decides Defendants' pending motion to dismiss. But if the Court decides to proceed with briefing on Plaintiffs' motion, Defendants request that their response to Plaintiffs' motion be due twenty-eight days after the Court decides this motion to stay to ensure an adequate opportunity to complete briefing on Defendants' motion to dismiss and respond to Plaintiffs' motion.

## <u>CONCLUSION</u>

For these reasons, the Court should stay the briefing on Plaintiffs' motion for partial summary judgment. Alternatively, if the Court decides to proceed with briefing on Plaintiffs' motion, Defendants request that their response to Plaintiffs' motion be due twenty-eight days after the Court decides this motion to stay.

Dated: October 1, 2020                                    Respectfully submitted,

                                                         JEFFREY BOSSERT CLARK
                                                         Assistant Attorney General

7

Environment & Natural Resources Division
Acting Assistant Attorney General
Civil Division

CHRISTOPHER R. HALL
Assistant Branch Director

*/s/ Bradley Craigmyle*
MICHAEL DREZNER
CHETAN PATIL
REBECCA CUTRI-KOHART
BRADLEY CRAIGMYLE
Trial Attorneys
U.S. Department of Justice
Civil Division, Federal Programs Branch
1100 L Street, NW
Washington, DC 20530
Telephone: (202) 616-8101
Facsimile: (202) 616-8460
Email: Bradley.T.Craigmyle@usdoj.gov

*Counsel for Defendants*

8